Peck, J.
delivered the opinion of the Court.
On the trial of this ejectment in the Circuit Court of Montgomery County, Nelson, the plaintiff, produced in evidence the copy of a grant from North Carolina to Alexander Nelson for the land in question:' The testimonials of the governor appear to have been attached, but were torn off at the bar. The testimonials show that William White is Secretary of North Carolina. The register of Montgomery County indorses generally, “ registered January. 23d, 1813,” and certifies that the within grant, certificate, and receipt is a true copy as is registered in book, &e. but no certificate of William White, Secretary of North Carolina, appears upon the. record. Objection is taken to the reading of the grant in the dress it is presented. The objection is overruled and the grant admitted by the Court.
The plaintiff proved himself heir-at-law of Alexander Nelson, the grantee, and proved defendant in possession.
The defendant then produced in evidence a record, certified from the County Court of Davidson, and sheriff's deed founded on that record, by which the defendant sets up title to the same land under the same grant. Yerdict and judgment for the plaintiff.
The Court deem it unimportant to look into that record, because the cause will be determined on another point.
Two questions arise upon the admission of the copy of the grant as it was presented to the Court.
First, Whether this copy from the register’s books in Montgomery County should have been received without accounting for the absence of the original.
Second, Whether or not this copy should have been received, there not being any certificate of the Secretary of North Carolina accompanying the copy ?
On the first point, the Act of 1809, ch. 100, § 1, authorizes the registration of copies from North Carolina, but when registered it shall be the duty of the register to record the testimonials of the governor and certificate of the register, which, when done, “ such registration shall be as good and valid as if the original grant itself was registered.”
Under this section of the Act, a copy from the register’s books, even though accompanied by the testimonials and certificate of the Secretary, would not be admissible unless the absence of the original copy from the State of North Carolina be accounted for, when used by the grantee or his heir.
On the second point the Court are clearly of opinion, that even though *151 the absence of the original copy from North Carolina was accounted for, or such original copy produced, yet, if either the testimonials of the Governor or the certificate of the Secretary of North Carolina have not been recorded in the register’s office, and so certified by the register of the county, such copy cannot be received as evidence.
If it be said' that the defendant also claims under the same grant which is shown by the record he produces and deed of the sheriff founded on it, it is answered that possession was a good defence until a legal title was shown by the plaintiff; and the erroneous determination of the Court in admitting the copy of the grant, testimonials, and certificate of the Secretary, imposed upon the defendant the necessity of defending by the title he sets up; therefore, not being his voluntary act in introducing his title, but the necessity of it thrown upon him by the Court, he should not be concluded in this case though claiming under the same title. He still has the benefit of his exception on the introduction of the evidence first produced.
Judgment having been given for the plaintiff, the cause must be reversed and remanded.